UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MONTGOMERY, | No.  2:13-cv-2086 KJN P |
| Petitioner, | |
| v. | |
| GARY SWARTHOUT, Warden, | ORDER |
| Respondent. | |

I. Introduction

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee, and consented to the jurisdiction of the undersigned Magistrate Judge for all purposes.[1]  Petitioner challenges a December 2012 decision of the California Board of Parole Hearings (Board) denying petitioner parole.  Petitioner claims that the Board's decision is not supported by "some evidence" that petitioner's release would pose a danger to society, and thus violates petitioner's federal constitutional right to due process.  Petitioner also claims that the Board's application of California's "Marsy's Law," to delay for three years a subsequent parole hearing, violates petitioner's rights under the Ex Post Facto Clause of the federal constitution.

---

[1] Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes. See 28 U.S.C. § 636(c); Local Rule 305(a).  (See ECF No. 3.)

1

Petitioner has exhausted his state court remedies; his state court petitions, which raised the same issues, were denied on April 3, 2013, by the El Dorado County Superior Court; on June 13, 2013, by the California Court of Appeal, Third Appellate District; and on September 18, 2013, by the California Supreme Court.  (See ECF No. 1 at 63-70.)

Review of the federal habeas petition and attached exhibits demonstrates that petitioner is not entitled to relief on the grounds alleged, thus requiring dismissal of the petition.  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

II.  Due Process

Petitioner contends that the Board's decision denying him parole is not supported by "some evidence" that petitioner's release would pose a danger to society, as required by state law, and therefore violates petitioner's federal constitutional right to due process.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A prisoner alleging a due process violation must demonstrate that he was deprived of a liberty interest protected by the Due Process Clause, then show that the procedures resulting in the deprivation of that interest were constitutionally inadequate.  Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from the Due Process Clause either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a

1  constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen,
2  482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption
3  that parole release will be granted when the designated findings are made.).

4      Therefore, California's parole statutes give rise to a liberty interest in parole protected by
5  the federal Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859 (2011). In California, a
6  prisoner is entitled to release on parole unless there is "some evidence" of his or her current
7  dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29
8  Cal. 4th 616, 651-53 (2002). However, the United States Supreme Court has held that "[n]o
9  opinion of [theirs] supports converting California's 'some evidence' rule into a substantive
10 federal requirement." Swarthout, 131 S. Ct. at 862. In other words, the Court specifically
11 rejected the notion that there can be a valid claim under the Fourteenth Amendment for
12 insufficiency of evidence relied upon to make a parole decision. Id. at 863-64. Rather, the
13 protection afforded by the federal Due Process Clause to California parole decisions consists
14 solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an
15 opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63.
16 Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner
17 received "the minimum procedures adequate for due-process protection." Id. at 862.

18     While petitioner has not submitted a copy of the Board transcript, review of the decision
19 issued by the El Dorado County Superior Court reflects that "the Board heard and considered
20 testimony from Petitioner," as well as from "a representative from the El Dorado County District
21 Attorney's Office, and the input of the victim []." (ECF No. 1 at 66.) The Superior Court found
22 that "the Board read and considered the written record before it, including the Board Report, the
23 Central File, the Comprehensive Risk Assessment, additional documents submitted at the hearing,
24 and all written responses received from the public." (Id.)

25     It is clear, therefore, that petitioner was present at, and participated in, the Board hearing.
26 It is also clear, based on the decision of the Superior Court and the instant petition, that the Board
27 ////
28 ////

informed petitioner of its reasons for denying parole.[2]  According to the United States Supreme Court, the federal Due Process Clause requires no more.  As the Supreme Court stated in Swarthout:  "In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 'The Constitution,' we held, 'does not require more.'"  Swarthout, 131 S. Ct. at 162 (quoting Greenholtz, 442 U.S. at 16).

For these reasons, this court finds that petitioner is not entitled to relief based on his federal due process claim.[3]

---

[2] The El Dorado County Superior Court found in pertinent part (ECF No. 1 at 66-7):

> This Court's review of the Board's decision establishes that the decision was based upon weighing the specified factors relevant to parole suitability in light of the record before it.  The Board ultimately determined that Petitioner poses a current, unreasonable risk of danger to society or a threat to public safety, and therefore is not eligible for parole.  In this regard, with specific reference to the evidence before it, the Board made a finding that the commitment offense was committed in an especially atrocious and disturbing manner.  The Board also found that Petitioner's actions caused serious life threatening injuries, and that Petitioner's reasoning for committing the offense in no way justified his actions.
>
> The Board also found that although Petitioner has had positive periods of rehabilitation, he has not demonstrated sufficient progress in other areas that tended to show Petitioner is suitable for parole.  Specifically, the Board found that Petitioner has failed to show adequate signs of remorse and lacks insight into the causative factors of the offense, based upon Petitioner's varying versions of what those causative factors are.  In making all of these findings, the Board considered the relevant factors, cited specific evidence in the record before it, and articulated a rational nexus between the evidence and Petitioner's current dangerousness.  There is no evidence the Board's decision was arbitrary or without any evidentiary support.
>
> Accordingly, after reviewing and considering the entire record before this Court, the Court finds the Board's decision is supported by some evidence in the record.

[3] Petitioner also asserts that the Board improperly relied on the immutable characteristics of the crime for which he was convicted, and his past criminal history.  This argument also fails to demonstrate a federal due process violation.  As emphasized herein, this court's review of the Board's denial of parole is limited to the very narrow question whether petitioner received adequate process at the parole hearing.  "Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court [and Board] decided the case correctly."  Swarthout, 131 S. Ct. at 863. Therefore, this court is without

III.  Marsy's Law

Petitioner next contends that the Board's application of "Marsy's Law" (adopted by the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law") to delay for three years his next parole hearing, violated the Ex Post Facto Clause of the United States Constitution.

Prior to the enactment of "Marsy's Law," subsequent parole hearings for indeterminately-sentenced inmates, like petitioner, had to be convened within one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008).  Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years.  Cal. Pen. Code, § 3041.5(b)(3) (2009).  The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years."  Id., § 3041.5(b)(3)(C).  Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of three years.

The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto Law."  U.S. Const., art. I, § 10.  A law violates the Ex Post Facto Clause if it:  (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations and internal quotations omitted); see also California Department of Corrections v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if:  (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient

---

authority, pursuant to a federal due process claim, to consider whether California's "some evidence" standard was correctly applied.  Id. at 861.

5

risk" of increasing the punishment attached to the defendant's crimes.  <u>Himes</u>, 336 F.3d at 854.

Significantly, not every law that disadvantages a defendant is a prohibited ex post facto law.  The retroactive application of a change in state parole procedures constitutes an ex post facto law only if there exists a "significant risk" that such application will increase the punishment for the crime.  <u>See</u> <u>Garner v. Jones</u>, 529 U.S. 244, 255 (2000).  Previous amendments to California Penal Code § 3041.5, allowing for longer periods of time between parole suitability hearings, have been upheld against challenges that they violated the Ex Post Facto Clause.  <u>See</u> <u>Morales</u>, 514 U.S. at 509 (1981 amendment to § 3041.5, which increased maximum deferral period of parole suitability hearings to five years, did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); <u>Watson v. Estelle</u>, 886 F.2d 1093, 1097-98 (9th Cir.1989) (not a violation of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to implementation of California's Determinate Sentence Law in 1977); <u>Clifton v. Attorney General Of the State of California</u>, 997 F.2d 660, 662 n. 1 (9th Cir.1993) (same); <u>see</u> <u>also</u> <u>Garner</u>, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).

This court has reviewed the facts underlying petitioner's Ex Post Facto claim, as well as clearly established federal law as determined by the Supreme Court, and California statutes and regulations related to the frequency of subsequent parole hearings, and finds that this claim is without merit.  As in <u>Morales</u> and <u>Garner</u>, the Board can expedite an earlier suitability hearing. <u>See</u> Cal. Penal Code § 3041.5(b)(4) ("The board may in its discretion . . . advance a hearing . . . when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration ...."); <u>see</u> <u>also</u> <u>id.</u>, § 3041.5(d)(1) ("An inmate may request that the board exercise its discretion to advance a hearing . . . .").

////

////

For these reasons, the court finds that petitioner is not entitled to habeas corpus relief on his Ex Post Facto claim.[4]

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that this action be dismissed with prejudice, pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Dated:  October 22, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mont2086.scrn.parole

---

[4] Petitioner is informed that a civil rights class action pending in this court, filed pursuant to 42 U.S.C. § 1983, is examining whether "Marsy's Law" violates the Ex Post Facto Clause of the Constitution.  The action is Gilman v. Fisher, Case No. 2:05-cv-0830 LKK CKD P, and the classes of persons identified as plaintiffs therein are:  (1) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing;" and (3) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008."  (See id., Order filed April 25, 2011, ECF No. 340 at 2.)  Petitioner may be a member of one or more of these classes.  A member of a class action may not pursue an individual action for equitable relief that is also sought by the class. See, e.g., Crawford v. Bell, 599 F.2d 890, 892–93 (9th Cir. 1979).